# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF NEW YORK MELLON, | Case No.: 2:16-cv-00549-APG-NJK |
| Plaintiff | **Order (1) for Supplemental Briefing and (2) Granting Unopposed Motion for Leave to File Supplemental Authority** |
| v. | |
| TERRA BELLA OWNERS ASSOCIATION, INC., et al., | [ECF No. 61] |
| Defendants | |

Plaintiff Bank of New York Mellon (BONY) sues to determine whether a deed of trust still encumbers property located at 7524 Midnight Rambler Street in Las Vegas following a non-judicial foreclosure sale conducted by the homeowners association (HOA), defendant Terra Bella Owners Association, Inc. (Terra Bella). Defendant Midnight Rambler Trust (Trust) purchased the property at the HOA foreclosure sale and later quitclaimed it to defendant Saticoy Bay LLC, Series 7524 Midnight Rambler Street (Saticoy).

BONY seeks a declaration that the HOA sale did not extinguish the deed of trust. Alternatively, it asserts damages claims against Terra Bella and its foreclosure agent, defendant Hampton & Hampton Collections LLC (Hampton).[1] Saticoy and Trust counterclaim to quiet title.

The parties move for summary judgment, raising a variety of grounds. Because the parties have not adequately addressed the pivotal factual question of whether BONY received actual notice of the 2012 foreclosure notices, I order the parties to file supplemental briefs.

---

[1] Hampton has not participated in the case since the stay was lifted in September 2018. It did not move for summary judgment and did not respond to any of the other parties' motions.

# I. BACKGROUND

The former homeowners, Robert Garvey and Rosonna Garvey, executed a deed of trust encumbering the Midnight Rambler property in 2004. ECF No. 51-1. The original lender was Full Spectrum Lending, Inc., and Mortgage Electronic Registration Systems, Inc. (MERS) was identified as the beneficiary of the deed of trust. *Id.* The next year, the Garveys quitclaimed the property to the Robert & Rosonna M. Garvey Family Limited Partnership (Garvey Family Limited Partnership), with the only address identified as the Midnight Rambler address. ECF No. 51-2. Information from the Nevada Secretary of State shows Robert and Rosonna Garvey as the only officers for the partnership and provides the Midnight Rambler address for the partnership and for the Garveys. ECF No. 55-16.

In August 2008, Rosonna Garvey filed for bankruptcy.[2] ECF No. 51-4. The Midnight Rambler property was listed in her bankruptcy schedule. *Id.* at 11, 16.

In January 2009, Hampton sent the Garveys a letter notifying them of a delinquency in the homeowners assessments and advising them as to how to cure the default. ECF No. 50-6. On March 2, 2009, Hampton recorded a notice of delinquent assessment lien. ECF No. 50-7. Later that same month, Hampton mailed, but did not record, a notice of default. ECF No. 57-1 at 4. At that time, BAC Home Loans Servicing, L.P. (BAC) was the servicer for the loan. ECF No. 50-14 at 9. BAC received a copy of this notice of default. *Id.* In June 2009, Rosonna Garvey's bankruptcy proceeding was closed. ECF Nos. 51-6 at 5-6; 51-8. The next month, Hampton mailed, but did not record, a notice of sale. ECF No. 57-1 at 5. BAC received this notice of sale. *Id.* The sale did not take place.

---

[2] Robert Garvey also later filed for bankruptcy. ECF No. 53-1. No acts were taken during the pendency of his bankruptcy that might have violated the automatic stay.

2

BAC merged into BONY in July 2011. ECF No. 50-14 at 9. That same month, MERS assigned the deed of trust to BONY as Trustee for the Certificateholders of CWABS, Inc., Asset Backed Certificates, Series 2004-AB1, and it listed an address for BONY. ECF No. 50-5. Thereafter, Bank of America, N.A. (BANA) serviced the loan for BONY. ECF No. 50-14 at 9.

On August 24, 2012, Hampton recorded a notice of default and election to sell. ECF No. 50-8. Hampton sent the notice of default by certified and first-class mail to Robert and Rosonna Garvey at the Midnight Rambler address. ECF No. 50-9 at 2. The certified mail was returned and marked "return to sender." ECF No. 51-7 at 31-32. Hampton sent the notice of default to BONY by first-class mail at the address listed in the deed of trust, but it did not include in the mailing address that it was being sent to BONY as Trustee for the Certificateholders of CWABS, Inc., Asset Backed Certificates, Series 2004-AB1. *Id.*; *see also* ECF No. 51-7 at 15. BANA, who was BONY's servicer at the time, has no record of receiving the notice of default. ECF No. 51-10 at 2.

On December 14, 2012, Hampton recorded a notice of trustee's sale. ECF No. 50-10. That notice referred back to the March 2, 2009 notice of default, not the August 2012 notice of default. ECF Nos. 51-11; 51-7 at 17-18. Hampton sent the notice of sale by certified and first-class mail to the Garveys at the Midnight Rambler address and by first-class mail to the Garvey Family Limited Partnership at the same address. ECF No. 50-11; 51-7 at 18, 25. There is no evidence that the certified mail was returned to Hampton or that someone signed for it. Hampton sent the notice of sale to BONY by first class mail and again did not identify the trustee information in the address. ECF No. 50-11; 51-7 at 25. BANA has no record of receiving the notice of sale. ECF No. 51-10 at 2.

In 2012, it was BANA's policy upon receiving an HOA foreclosure notice to retain the law firm Miles Bauer Bergstrom & Winters, LLP to determine and pay the superpriority amount. ECF No. 51-10 at 3. There is no evidence BANA did so in relation to this property.

The HOA foreclosure sale took place on January 24, 2013. ECF No. 50-3. Trust purchased the property at the sale for $18,100.00. *Id.* Trust later transferred the property to Saticoy. ECF No. 50-2. On August 14, 2019, the bankruptcy court in Rosonna Garvey's bankruptcy proceeding retroactively annulled the automatic stay in relation to the Midnight Rambler property. ECF No. 61-1.

## II. LEGAL STANDARD

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the

////

light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

## III. DECLARATORY RELIEF CLAIMS

The parties raise a variety of arguments regarding BONY's declaratory relief claim and Saticoy and the Trust's counterclaims for declaratory relief and to quiet title. I address them in turn below.

### A. Statute of Limitations

Saticoy and Trust argue that BONY's declaratory relief claim is untimely. I have previously ruled that the four-year catchall limitation period in Nevada Revised Statutes § 11.220 applies to claims under Nevada Revised Statutes § 40.010 brought by a lienholder seeking to determine whether an HOA sale extinguished a deed of trust. *See Bank of Am., N.A. v. Country Garden Owners Ass'n*, No. 2:17-cv-01850-APG-CWH, 2018 WL 1336721, at *2 (D. Nev. Mar. 14, 2018). The HOA foreclosure sale took place on January 24, 2013. BONY filed its complaint on March 11, 2016. ECF No. 1. Therefore, its declaratory relief claim is timely. I deny Saticoy and Trust's motion for summary judgment on this basis.

### B. Due Process

Saticoy, Trust, and Terra Bella argue Nevada Revised Statutes Chapter 116 as it existed at the time of this sale did not violate due process. BONY argues Chapter 116 facially violates its due process rights because the statute did not require HOAs to warn mortgagees that their deeds of trust were in jeopardy. Alternatively, BONY argues this sale violated BONY's due process rights as applied because Hampton failed to send the notice of default and notice of sale by certified mail to BONY, and sending those notices to BONY by first class mail without also

specifying the trust that BONY represents is not reasonably calculated under the circumstances to provide BONY with notice of the sale.

Terra Bella responds to the as-applied argument by contending that BONY had actual notice of the sale in 2009, and those notices were also sent by first-class mail. It further argues that BONY took the assignment of the deed of trust with notice of the delinquent assessment lien and is charged with its predecessor's knowledge and receipt of the notices, so it has not suffered a due process violation.

As to BONY's facial challenge, the Ninth Circuit's decision in *Bourne Valley Court Trust v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016) is no longer good law and Chapter 116 as it existed as of the time of this sale did not violate BONY's due process rights. *See Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 623-24 (9th Cir. 2019) (citing *SFR Invs. Pool 1, LLC v. Bank of N.Y. Mellon*, 422 P.3d 1248 (Nev. 2018) (en banc)); *Nationstar Mortg. LLC v. Amber Hills II Homeowners Ass'n*, No. 2:15-cv-01433-APG-CWH, 2016 WL 1298108, at *6-9 (D. Nev. Mar. 31, 2016).

With respect to the as-applied challenge, BONY does not cite any law for the proposition that sending the notices by first-class mail and not including BONY's full name even though the mail was otherwise correctly addressed to BONY at the identified address amounts to a constitutional violation under the due process clause. First-class mail has repeatedly been recognized as a valid means of accomplishing notice for due process purposes. *See, e.g.*, *Tulsa Prof'l Collection Servs., Inc. v. Pope*, 485 U.S. 478, 490 (1988); *Greene v. Lindsey*, 456 U.S. 444, 455 (1982); *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 319 (1950); *Yi Tu v. Nat'l Transp. Safety Bd.*, 470 F.3d 941, 946 (9th Cir. 2006). I therefore deny BONY's motion and grant the defendants' motions on due process.

### C. Adequate Remedy at Law

Saticoy and Trust argue that BONY cannot seek equitable relief because it has an adequate remedy at law by seeking damages against Hampton. Terra Bella argues BONY cannot resort to equity because it has legal remedies against the borrower and because BONY's injury is compensable through money damages.

Generally, a party cannot obtain an equitable remedy when it has an adequate remedy at law. *Las Vegas Valley Water Dist. v. Curtis Park Manor Water Users Ass'n*, 646 P.2d 549, 551 (Nev. 1982). However, Nevada Revised Statutes § 40.010, which allows for resolving disputes involving adverse interests in property, "essentially codified" Nevada's historical recognition "that courts retain the power to grant equitable relief from a defective foreclosure sale when appropriate . . . ." *Shadow Wood HOA v. N.Y. Cmty. Bancorp.*, 366 P.3d 1105, 1111-12 (Nev. 2016) (en banc). Thus, while the availability of other remedies (both before and after the sale) may bear on the equities, a claim to set aside an allegedly defective foreclosure sale is necessarily an equitable one that will impact the various interests in the property and their relative priority. BONY seeks not just repayment of its loan, but the right to resort to this particular property as security for repayment. No remedy at law could overturn the foreclosure sale and reinstate BONY's lien on the property. *See Bank of Am., N.A. v. Diamond Fin., LLC*, 42 N.E.3d 1151, 1156-57 (Mass. 2015) (concluding a legal remedy was inadequate because "money damages would not restore the plaintiff to its rightful senior position"); *Bank of N.Y. Mellon v. Withers*, 771 S.E.2d 762, 765 (N.C. Ct. App. 2015) ("Due to land's unique nature, damage claims against individuals are an inadequate substitute for a first position lien on real property."). I therefore deny the defendants' motions on this basis.

/ / / /

### D. Violation of the Automatic Stay

BONY argues the sale is void because Terra Bella, through Hampton, recorded the 2009 notice of lien in violation of the automatic stay for Rosonna Garvey's bankruptcy. BONY contends that under Nevada law, an HOA sale is void if the HOA recorded a notice of default in violation of the automatic stay. Saticoy and Trust argue that BONY, as a creditor, has no standing to raise a violation of the automatic stay. They also move for leave to file supplemental authority, which includes a ruling by the bankruptcy court in Rosonna Garvey's bankruptcy that retroactively annulled the automatic stay with respect to the HOA foreclosure sale. Terra Bella separately argues that BONY did not allege a violation of the automatic stay in the complaint and BONY cannot raise it for the first time at summary judgment. It also joins in Saticoy and Trust's argument that BONY lacks standing to raise it. Finally, Terra Bella argues that the notices about which BONY complains and the foreclosure sale took place after both Garveys' bankruptcies were discharged.

The bankruptcy court retroactively annulled the automatic stay. The effect of that "retroactive annulment of the stay is that the otherwise void HOA sale, which violated the stay at the time it was made, is now valid." *SFR Investments Pool 1, LLC v. U.S. Bank, N.A. as Tr. for Certificate Holders of Wells Fargo Asset Sec. Corp., Mortg. Pass-Through Certificates, Series 2006-AR4*, 449 P.3d 461, 464 (Nev. 2019) (en banc). I therefore deny BONY's motion that the sale is void for violating the automatic stay.

Even though the sale is not void, I can consider the automatic stay violation as part of the equities in setting aside a sale. *Id.* at 465. However, BONY has presented no evidence that anyone, including BONY itself, relied on the automatic stay in making decisions regarding the

8

property, including whether to attend the HOA sale or bid on the property. *Id.* I therefore deny BONY's motion that the sale should be set aside due to a violation of the automatic stay.

**E. Declaring the Sale Void/Equitably Setting Aside the Sale**

BONY argues the sale is void because Terra Bella, through Hampton, did not properly serve any of the foreclosure notices. First, BONY argues none of the notices were sent to the Garvey Family Limited Partnership because the notices were sent to the Garveys individually. Second, BONY argues the notices were supposed to be sent by certified mail, but they were sent by first-class mail. Third, BONY argues the notices sent to it did not include BONY's entire name to identify for what trust BONY was acting as trustee. BONY contends that even if Hampton substantially complied with the statutory requirements, BONY did not have actual notice of the sale and it was prejudiced by that lack of notice because if it knew of the sale its servicer would have hired Miles Bauer to make tender.

BONY alternatively argues that even if the sale is not void, it should be equitably set aside for these same reasons and because the mortgage protection clause in the CC&Rs represented that the sale would not extinguish the deed of trust, Hampton distributed the proceeds as if a subpriority sale had occurred, and there was legal uncertainty at the time of the sale. BONY also disputes that Saticoy and Trust are bona fide purchasers because their principal, Eddie Haddad, is an experienced real estate purchaser who knew the sale likely would be challenged. Finally, BONY notes that its failure to act to preserve its interest is explained by the fact that it did not receive the notices.

Saticoy and the Trust argue that the notices were sent by first-class mail and the law presumes that BONY received them. As to the notices to the Garvey Family Limited Partnership, Saticoy and Trust contend that the notices were sent to the Garveys at the Midnight

9

Rambler address, so Hampton substantially complied with the notice requirements as to them. Terra Bella contends that BONY admitted it had actual notice of the HOA's foreclosure through its admissions that BAC received the 2009 notice of default and notice of sale. Terra Bella also contends that the statutes at the time this sale was conducted required only first-class mail, not certified mail, to junior lienholders like BONY.

Saticoy and Trust argue I should not equitably set aside the sale because BONY had notice of the sale and failed to act, and because Saticoy and Trust are bona fide purchasers who took title without notice of any alleged defects in the sale. They also argue BONY has failed to provide evidence that any of the alleged defects in the sale affected the sale. Terra Bella joins in these arguments and also notes that BONY took the assignment of the deed of trust with notice of the 2009 notice of delinquent assessment lien, but BONY took no action to satisfy the superpriority lien or otherwise act to protect its interest.

As the party seeking to set aside the sale on equitable grounds, BONY "bears the burden to produce[ ] evidence showing that the sale was affected by fraud, unfairness, or oppression that would justify setting aside the sale." *Res. Grp., LLC as Tr. of E. Sunset Rd. Tr. v. Nevada Ass'n Servs., Inc.*, 437 P.3d 154, 160 (Nev. 2019) (en banc) (quotation omitted). "[M]ere inadequacy of price is not in itself sufficient to set aside the foreclosure sale, but it should be considered together with any alleged irregularities in the sales process to determine whether the sale was affected by fraud, unfairness, or oppression." *Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641, 648 (Nev. 2017). "A grossly inadequate price may require only slight evidence of fraud, unfairness, or oppression to set aside a foreclosure sale." *SFR Invs. Pool 1, LLC v. First Horizon Home Loans, a Div. of First Tenn. Bank, N.A.*, 409 P.3d 891, 895 (Nev. 2018) (en banc).

### 1. Mortgage Protection Clause

The CC&Rs do not provide a basis to set aside the sale. An HOA cannot subordinate the superpriority lien to a first deed of trust through its CC&Rs. Under Nevada Revised Statutes § 116.1104, Chapter 116's "provisions may not be varied by agreement, and rights conferred by it may not be waived . . . [e]xcept as expressly provided in" Chapter 116, and nothing in Chapter 116 "expressly provides for a waiver of the HOA's right to a priority position for the HOA's super priority lien." *SFR Invs. Pool 1 v. U.S. Bank*, 334 P.3d 408, 418-19 (Nev. 2014) (en banc) (quotations omitted); *see also RLP-Vervain Court, LLC v. Wells Fargo*, No. 65255, 2014 WL 6889625, at *1 (Nev. Dec. 5, 2014) ("[A]n association may not waive its right to a priority position for the association's superpriority lien."). Thus, even if potential bidders were aware of the CC&Rs, they also presumably "were aware of NRS 116.1104, such that they were not misled." *JPMorgan Chase Bank, N.A. v. SFR Investments Pool 1, LLC*, No. 70423, 433 P.3d 263, 2019 WL 292823, at *1 (Nev. 2019). Moreover, BONY has presented no evidence that it or anyone else relied on the CC&Rs. I therefore deny BONY's motion based on the mortgage protection clause.

### 2. Distribution of Proceeds

Hampton's post-sale distribution of the proceeds does not support setting aside the sale. Hampton's "post-sale distribution of proceeds had no bearing on the events leading up to and during the sale." *Bank of Am., N.A. v. Saticoy Bay LLC Series 716 Fiesta Del Rey*, No. 73623, 433 P.3d 262, 2019 WL 292773, at *2 (Nev. 2019). I therefore deny BONY's motion based on the distribution of proceeds.

////

////

11

*3. Legal Uncertainty*

Legal uncertainty does not amount to fraud, oppression, or unfairness sufficient to set aside the sale. Simply reading the statute that grants HOAs a superpriority lien would have put BONY on notice of the possibility that its deed of trust was in jeopardy. *See K&P Homes v. Christiana Tr.*, 398 P.3d 292, 295 (Nev. 2017) (en banc) (holding that the SFR decision "did not create new law or overrule existing precedent; rather, that decision declared what NRS 116.3116 has required since the statute's inception."). BONY's own evidence shows it knew its deed of trust was in jeopardy because BONY contends that if it had known about the sale, its servicer would have tendered the superpriority amount to preserve BONY's interest in the property. I therefore deny BONY's motion on the basis of legal uncertainty.

*4. Notices to the Garvey Family Partnership*

The alleged deficiencies in the notices to the Garvey Family Partnership do not support declaring the sale void or equitably setting aside the sale. The notices were sent by both certified and first-class mail to the Garveys, who are the only identified officers of the partnership, at the only address identified by the partnership. Additionally, the notice of sale was posted on the property. ECF No. 50-12. BONY does not explain what else Hampton should have done except address the notices to the Garvey Family Partnership instead of the Garveys individually. There is no evidence that this technical error prejudiced anyone. The Garvey Family Partnership was given notice through its only known officers at its only known address. There is no evidence that if the mail had been addressed to the Garvey Family Partnership, the Garveys or the partnership would have paid the HOA lien or otherwise acted to save the property. To the contrary, the available evidence suggests the Garveys surrendered the Midnight Rambler property in their

bankruptcies. *See* ECF Nos. 51-4 at 16; 53-1 at 14. I therefore deny BONY's motion on the basis that the notices to the Garvey Family Partnership were defective.

### 5. *Notices to BONY*

The notices about which BONY complains were sent in 2012, so I look to the statute as it existed at that time to determine what it required. In 2012, the HOA was required to send the notice of delinquent assessment lien to the homeowner by certified mail. Nev. Rev. Stat. § 116.31162(1)(a).[3] It was then required to record the notice of default and election to sell. *Id.* § 116.31162(1)(b). As relevant here, § 116.31163(1) required the HOA to mail the notice of default by first-class mail to (1) "[e]ach person who has requested notice pursuant to NRS 107.090; or 116.31168" and (2) "[a]ny holder of a recorded security interest encumbering the unit's owner's interest who has notified the association, 30 days before the recordation of the notice of default, of the existence of the security interest." The notice of sale likewise had to be mailed by first-class mail to the same persons or entities. *Id.* § 116.31165(1)(b).

Section 116.31168(1) provided that "[t]he provisions of NRS 107.090 apply to the foreclosure of an association's lien as if a deed of trust were being foreclosed." Section 107.090(2) and (3) in turn required the notice of default and notice of sale to be mailed by registered or certified mail to "(a) [e]ach person who has recorded a request for a copy of the notice; and (b) [e]ach other person with an interest whose interest or claimed interest is subordinate to the deed of trust." Section 116.31168(1) thus "incorporated the notice requirements of NRS 107.090 and consequently required that notice be provided to all persons whose interests were subordinate to a homeowners' association superpriority lien, which is prior to a first deed of trust." *SFR Investments Pool 1, LLC v. Bank of New York Mellon*, 422 P.3d

---

[3] All citations to statutory sections are to the statute in effect in 2012 unless otherwise noted.

13

1248, 1252 (Nev. 2018) (en banc) (quotation omitted). As the Supreme Court of Nevada has stated, this incorporation of § 107.090, "without any accompanying language to limit the incorporation, . . . manifested [an] intent to have all notice provisions apply and that the parties requiring notice would be the same as those that would require notice in foreclosing on a deed of trust. Replacing the deed of trust with the homeowners' association superpriority lien within the language of NRS 107.090 then requires that the homeowners' association provide notice to the holder of the first security interest as a subordinate interest." *Id.*

The Supreme Court of Nevada has not expressly determined whether § 116.31168(1) incorporated § 107.090's requirement that notice must be given to all junior lienholders by certified or registered mail. However, given the quoted language above that "all notice provisions apply," I predict[4] the Supreme Court of Nevada would hold that it includes the requirement to send the notices via certified or registered mail.

Terra Bella, through its foreclosure agent Hampton, failed to do so here. Instead, it sent the notice of default and notice of sale to BONY via first-class mail. Where an HOA's agent does not substantially comply with the statutory requirements to foreclose, and as a result the deed of trust beneficiary "did not receive timely notice by alternative means" and "suffered prejudice as a result, the district court should determine whether, under NRS 107.080 (2011), it should declare the sale void to the extent it purports to extinguish [the] deed of trust." *U.S. Bank,*

---

[4] When a federal court interprets state law, it is bound by the decisions of the state's highest court. *Assurance Co. of Am. v. Wall & Assocs. LLC of Olympia*, 379 F.3d 557, 560 (9th Cir. 2004). Where the state's highest court has not decided the issue, a federal court must predict how that court would decide. *Orkin v. Taylor*, 487 F.3d 734, 741 (9th Cir. 2007). I may use "decisions from other jurisdictions, statutes, treatises, and restatements as guidance." *Assurance Co.*, 379 F.3d at 560 (quotation omitted).

14

*Nat'l Ass'n ND v. Res. Grp., LLC*, 444 P.3d 442, 447 (Nev. 2019)[5]; *see also Saticoy Bay LLC Series 9050 W Warm Springs 2079 v. Nevada Ass'n Servs.*, 444 P.3d 428, 435 (Nev. 2019) ("Substantial compliance requires that a party (1) have actual knowledge, and (2) not suffer prejudice.").

Here, BONY had actual notice of the 2009 default on the HOA assessments because it took the assignment of the deed of trust after the notice of default was recorded and its predecessor had actual notice of the 2009 notice of default and 2009 notice of sale. However, that sale did not take place. BONY thus took with knowledge that there was a prior default but that the HOA for whatever reason failed to conduct the sale in two years since the first notice of sale. BONY reasonably could have assumed the default was cured or that if it was not, the HOA would have to send a new notice of sale, at which point BONY could act to preserve its interest.

Thus, the question is whether BONY had actual knowledge of the 2012 notices of default and sale. If it had actual notice of the sale, then it was not prejudiced and the sale would not be void nor would there be a basis to equitably set aside the sale. But if it did not have actual notice, then it has presented undisputed evidence that it was prejudiced because it was deprived of the statutorily prescribed notice period and an opportunity to cure the default. *U.S. Bank, Nat'l Ass'n ND*, 444 P.3d at 447 ("Absent notice from some other source, failing to mail the statutorily required notice of default deprives the property owner of the minimum grace period the

---

[5] It is unclear from this language whether the Supreme Court of Nevada is incorporating the timing requirements of § 107.080 into this analysis. To the extent those requirements apply, BONY's declaratory relief claim would be untimely. *See* Nev. Rev. Stat. §§ 107.080(5), (6) (2011) (providing that if proper notice was not provided, "the person who did not receive such proper notice may commence an action pursuant to subsection 5 within 120 days after the date on which the person received actual notice of the sale"). To the extent BONY's claim that the sale is void is time-barred, its declaratory relief claim seeking to equitably set aside the sale is still timely under the four-year catchall limitation period.

15

Legislature has mandated to give the deed of trust holder (or the homeowner) time to cure, compromise, or contest the default."). BONY has presented evidence, which the defendants do not challenge, that if its servicer, BANA, had received the notices, then BANA would have followed its practice of hiring Miles Bauer and attempting to tender. A valid tender extinguishes the superpriority lien by operation of law. *Bank of Am., N.A. v. SFR Investments Pool 1, LLC*, 427 P.3d 113, 120 (Nev. 2018) (en banc). The lack of notice thus would have deprived BONY of the opportunity to preserve its property interest, making the sale void as to the deed of trust.[6] Under this analysis, Saticoy and the Trust's status as bona fide purchasers is irrelevant because a "void sale, in contrast to a voidable sale, defeats the competing title of even a bona fide purchaser for value." *U.S. Bank, Nat'l Ass'n ND*, 444 P.3d at 448.

    Even if the sale is not void, the same facts would support equitably setting aside the sale. BONY has presented evidence that the property sold at a grossly inadequate price because the Trust paid $18,100 for a property that was worth approximately $250,000. ECF No. 51-13. And BONY has identified prejudicial unfairness if it did not have actual notice of the sale because it was deprived of the opportunity to tender. *See Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d at 648 n.11 (listing "an HOA's failure to mail a deed of trust beneficiary the statutorily required notices" as an "irregularit[y] that may rise to the level of fraud, unfairness, or

---

[6] *See Saticoy Bay LLC Series 9014 Salvatore St. v. U.S. Bank N.A. as Tr. for GSAA Home Equity Tr. 2007-1*, No. 74217, 429 P.3d 293, 2018 WL 5095837, at *1 (Nev. 2018) (holding that "because the HOA failed to give the statutorily-required notice of the trustee's sale to Bank of America, the sale was void"); *Shadow Wood HOA*, 366 P.3d at 1110 (describing notice as a "statutory prerequisite[ ] to a valid HOA lien foreclosure sale"); *SFR Invs. Pool 1*, 334 P.3d at 419 (stating that "proper" foreclosure of an HOA lien will extinguish a deed of trust). *See also Nationstar Mortg., LLC v. Sahara Sunrise Homeowners Ass'n*, No. 2:15-cv-01597-MMD-NJK, 2019 WL 1233705, at *3-4 (D. Nev. Mar. 14, 2019) (holding HOA sale void under similar facts); *Christiana Tr. v. SFR Invs. Pool 1, LLC*, No. 2:16-cv-00684-GMN-CWH, 2018 WL 6603643, at *5-6 (D. Nev. Dec. 17, 2018) (same).

16

oppression"). That unfairness affected the sale because if BONY had received notice and tendered through its servicer, it would have voided the sale as to the superpriority lien.

Against this unfairness to BONY, I must weigh Saticoy and the Trust's status as bona fide purchasers. *Shadow Wood HOA*, 366 P.3d at 1114. Although BONY disputes that Saticoy or the Trust is a bona fide purchaser, there is no dispute that the Trust gave "valuable consideration" for the property and there is no evidence the Trust had any basis to suspect that proper notices were not provided. *See id.* at 1115-16. The fact that the Trust's and Saticoy's principal is an experienced purchaser at HOA sales does not, in and of itself, deprive the Trust or Saticoy of bona fide purchaser status. But I "must consider the entirety of the circumstances that bear upon the equities." *Id.* at 1114. Haddad's knowledge[7] that HOA sales may result in litigation over the continuing validity of the deed of trust is a factor to weigh in the overall balance.

Weighing the unfairness to BONY (who was denied the opportunity to act to preserve its deed of trust worth approximately $250,000) against the impact to the Trust and Saticoy (who invested very little and did so knowing that litigation over the impact of the HOA sale on the deed of trust was likely), equity would weigh in favor of setting aside this sale as to the deed of trust if BONY did not receive the 2012 notices.

But there remains a factual question that the parties have not adequately addressed regarding whether BONY had actual notice of the sale in 2012. Terra Bella, Trust, and Saticoy have presented evidence that Hampton mailed the notice to BONY at the correct address via first-class mail. BONY does not dispute that the notice was mailed. Nevada law creates a

---

[7] *See* ECF No. 51-15.

17

rebuttable presumption that "a letter duly directed and mailed was received in the regular course of the mail." Nev. Rev. Stat. § 47.250(13).

In an attempt to rebut that presumption, BONY presents evidence that its servicer, BANA, did not receive the notices. But the notices were not mailed to BANA. They were mailed to BONY at the address identified in the assignment of the deed of trust. BONY has not filled the evidentiary gap of showing that it (as opposed to its servicer) did not receive the notices. This deficiency was not noted by either Terra Bella or SFR, however. The parties thus have not adequately addressed the pivotal factual question remaining in this case. So, I will direct the parties to file supplemental briefs on this factual issue.

I have already ruled that if BONY had actual notice of the sale, then the sale is not void and I will not set it aside. But if BONY did not receive actual notice, then the sale is void as to the deed of trust or alternatively I will equitably set aside the sale as to the deed of trust. I need no further arguments on these rulings. Rather, I direct the parties to address only the narrow factual question of whether BONY had actual notice of the 2012 foreclosure notices. Additionally, because BONY's damages claims against Terra Bella are pleaded in the alternative to the declaratory relief claim, I defer ruling on Terra Bella's summary judgment motion until the declaratory relief claims are resolved.

## IV. CONCLUSION

I THEREFORE ORDER that by December 16, 2019, the parties may file supplemental briefs of no more than three pages each addressing only the factual question of whether BONY had actual notice of the 2012 foreclosure notices. The parties may file response briefs of no more than three pages each by December 23, 2019. There will be no replies.

18

I FURTHER ORDER that defendants Midnight Rambler Trust and Saticoy Bay LLC, Series 7524 Midnight Rambler Street's unopposed motion for leave to file supplemental authority **(ECF No. 61) is GRANTED**.

DATED this 4th day of December, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE