# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

BANK OF NEW YORK MELLON,

    Plaintiff

v.

TERRA BELLA OWNERS ASSOCIATION, INC., et al.,

    Defendants

Case No.: 2:16-cv-00549-APG-NJK

**Order (1) Denying BONY, Saticoy, and Trust's Motions for Summary Judgment and (2) Granting in Part Terra Bella's Motion for Summary Judgment**

[ECF Nos. 50, 51, 52]

Plaintiff Bank of New York Mellon (BONY) sues to determine whether a deed of trust still encumbers property located at 7524 Midnight Rambler Street in Las Vegas following a non-judicial foreclosure sale conducted by the homeowners association (HOA), defendant Terra Bella Owners Association, Inc. (Terra Bella). Defendant Midnight Rambler Trust (Trust) purchased the property at the HOA foreclosure sale and later quitclaimed it to defendant Saticoy Bay LLC, Series 7524 Midnight Rambler Street (Saticoy).

BONY seeks a declaration that the HOA sale did not extinguish the deed of trust. Alternatively, it asserts damages claims against Terra Bella and its foreclosure agent, defendant Hampton & Hampton Collections LLC (Hampton).[1] Saticoy and Trust counterclaim to quiet title.

The parties move for summary judgment, raising a variety of grounds. Because the parties had not adequately addressed the pivotal factual question of whether BONY received

---

[1] Hampton has not participated in the case since the stay was lifted in September 2018. It did not move for summary judgment and did not respond to any of the other parties' motions.

actual notice of the 2012 foreclosure notices, I ordered the parties to file supplemental briefs, which they did. ECF Nos. 62, 75-79.

I set out the factual background in my prior order, so I do not repeat it here. Genuine issues of fact remain regarding whether BONY had actual notice of the 2012 foreclosure notices. I therefore deny the parties' motions for summary judgment on the declaratory relief claims. I grant in part Terra Bella's motion for summary judgment on BONY's alternative damages claims against it.

**I. LEGAL STANDARD**

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

## II. DECLARATORY RELIEF CLAIMS

BONY argues the sale is void because Terra Bella, through Hampton, did not properly serve it with the 2012 notices of default and sale. Nevada has a rebuttable presumption that mail sent is received. Nev. Rev. Stat. § 47.250(13). "A presumption not only fixes the burden of going forward with evidence, but it also shifts the burden of proof." *Yeager v. Harrah's Club, Inc.*, 897 P.2d 1093, 1095 (Nev. 1995). BONY thus bears the burden of overcoming the presumption that the 2012 notices, which were sent by first class mail, were received. And as the party seeking to set aside the sale on equitable grounds, BONY "bears the burden to produce[ ] evidence showing that the sale was affected by fraud, unfairness, or oppression that would justify setting aside the sale." *Res. Grp., LLC as Tr. of E. Sunset Rd. Tr. v. Nevada Ass'n Servs., Inc.*, 437 P.3d 154, 160 (Nev. 2019) (en banc) (quotation omitted). Because BONY bears the burden of proof at trial, "to prevail on summary judgment it must show that "the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Shakur v. Schriro*, 514 F.3d 878, 890 (9th Cir. 2008) (quotation omitted).

Viewing the facts in the light most favorable to Trust and Terra Bella on BONY's motion, BONY has not met its burden of rebutting the presumption that it received the notice of default with evidence so powerful that no reasonable fact finder would be free to disbelieve it. BONY has presented evidence that its legal department received the notice of sale but has no record of receiving the notice of default. ECF Nos. 75-1; 75-2. But the notice of default was not addressed to BONY's legal department, it was addressed to BONY at the address identified in the assignment of the deed of trust. BONY has not presented any evidence regarding how it receives, records, and routes the mail such that it can be determined whether it received the notice of default but failed to route it to the legal department. Additionally, the evidence shows

3

that upon receiving the notice of sale, BONY sent it to the wrong department at its servicer. ECF No. 77-1. Thus, a question of fact remains regarding whether its failure to timely tender was due to its own internal mistake in routing the notice as opposed to the failure to receive notice. I therefore deny BONY's motion for summary judgment.

I also deny the defendants' motions for summary judgment on the declaratory relief claims because viewing the facts in the light most favorable to BONY, a reasonable fact finder could find that BONY did not have actual notice of the sale in time to tender the superpriority amount and it suffered prejudice as a result. The fact that BONY's legal department received the notice of sale and acted upon it (albeit erroneously) yet no similar evidence exists for the notice of default could lead a reasonable fact finder to conclude that BONY did not receive the notice of default, thus rebutting the presumption of receipt. Additionally, just because BONY misdirected the notice of sale does not mean that it would have done so with the notice of default if it had received it. And because BONY would have had more time to act if it had received the notice of default, then any misdirection perhaps could have been timely cured. These are all issues for the fact finder to resolve. Accordingly, I deny all three motions for summary judgment on the declaratory relief claims.

## III. BONY'S CLAIMS AGAINST TERRA BELLA

BONY asserts alternative damages claims against Terra Bella for wrongful foreclosure and breach of Nevada Revised Statutes § 116.1113. ECF No. 1 at 11-13. Terra Bella moves for summary judgment on these claims.

### A. Section 116.1113

BONY alleges that Terra Bella's CC&Rs contain a mortgage protection clause which states that no violation of the CC&Rs "shall operate to defeat or render invalid" the rights of a

deed of trust beneficiary. ECF No. 1 at 11.  BONY alleges that in making this representation, Terra Bella "undertook a duty to inform lenders and loan servicers like [BONY] that the representation in the CC&Rs was false, and to give [BONY] a reasonable opportunity to protect its interest in the property." *Id.*  BONY alleges Terra Bella "also undertook a duty to identify the super-priority amount to lenders and loan servicers like [BONY], to notify it that its security interest was at risk, and to provide an opportunity to satisfy the super-priority amount to protect its security interest in the property." *Id.*

Terra Bella argues it had no duty to advise BONY of the superpriority amount.  It also argues it did not owe BONY a duty to advise it that its deed of trust was at risk, but it nevertheless advised BONY of that fact through the notices of default and sale.  And Terra Bella argues that it has no contract with BONY and no duties to third party lenders like BONY under Chapter 116.  BONY responds that Terra Bella owes a duty of good faith for all acts performed under Chapter 116 and owed duties to BONY under the CC&Rs.

Section 116.1113 provides that "[e]very contract or duty governed by this chapter imposes an obligation of good faith in its performance or enforcement."  The Supreme Court of Nevada has rejected the proposition that HOAs had to identify the superpriority amount in the foreclosure notices under the statutory scheme as it existed at the time of this sale. *See SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408, 418 (Nev. 2014) (en banc).  Additionally, the Supreme Court of Nevada has held that Nevada Revised Statutes Chapter 116 precludes an HOA from waiving its right to a superpriority lien. *Id.* at 419 (stating that pursuant to Nevada Revised Statutes § 116.1104, Chapter 116's provisions could not be waived except as expressly provided in Chapter 116 and HOAs therefore cannot waive their right to a superpriority lien).  Lenders like BONY are presumed to know the law, including § 116.1104's existence. *Cf. JPMorgan*

*Chase Bank, N.A. v. SFR Investments Pool 1, LLC*, No. 70423, 433 P.3d 263, 2019 WL 292823, at *1 (Nev. 2019). Terra Bella had no duty to advise BONY about the law. I therefore grant Terra Bella's motion as to the allegations related to identifying the superpriority amount and the mortgage protection clause.

However, as discussed in my prior order, Terra Bella, through its foreclosure agent, did not comply with Chapter 116's requirement of mailing the notices of default and of sale to BONY by certified mail. ECF No. 62 at 14-15. And as discussed above, issues of fact remain regarding whether BONY actually received the notice of default and whether BONY would have cured the default had it received timely notice. To the extent Terra Bella is contending it owes no duty under Chapter 116 to properly mail the foreclosure notices to third parties like secured lenders, I disagree. The statutory scheme requires the notices to conduct a proper foreclosure. I therefore grant in part and deny in part Terra Bella's motion for summary judgment on this claim.[2]

**B. Wrongful Foreclosure**

BONY alleges that if it is determined that the deed of trust was extinguished, then the foreclosure was wrongful because: (1) Terra Bella failed to give adequate notice and an opportunity to cure the deficiency, (2) Terra Bella sold the property for a grossly inadequate amount, (3) Terra Bella violated the CC&Rs' mortgage protection clause, and (4) Terra Bella violated the good faith requirements of § 116.1113. ECF No. 1 at 13.

Terra Bella argues BONY cannot show a wrongful foreclosure because BONY has adequate remedies at law against the borrower and BONY cannot seek equity because it did not

---

[2] Although I partially deny Terra Bella's motion, I caution BONY to consider whether it has a valid basis to pursue this claim at trial. Section 116.1113 requires a lack of good faith, not just a breach of statutory duties. Terra Bella did not move on this ground, so I do not rule on it.

act to protect its interest. Terra Bella also argues the foreclosure deed's recitals are entitled to a conclusive presumption that the sale was properly conducted.

BONY responds that it is not seeking equitable relief, it is seeking damages against Terra Bella. BONY also argues the recitals are rebuttable and BONY has rebutted them here by showing Terra Bella did not send the required notices by certified mail.

Terra Bella's motion equates BONY's wrongful foreclosure claim with its claim to equitably set aside the sale. I previously addressed Terra Bella's argument that BONY has an adequate remedy at law. ECF No. 62 at 7. Terra Bella's remaining arguments are intertwined with BONY's arguments and evidence that it did not timely receive the notice of default and therefore did not forward the notice to its servicer to make a tender attempt. As stated above, disputes of fact preclude resolution of those issues at summary judgment. I therefore deny Terra Bella's motion to dismiss the wrongful foreclosure claim.

## IV. CONCLUSION

I THEREFORE ORDER that defendants Midnight Rambler Trust and Saticoy Bay LLC, Series 7524 Midnight Rambler Street's motion for summary judgment **(ECF No. 50) is DENIED**.

I FURTHER ORDER that plaintiff Bank of New York Mellon's motion for summary judgment **(ECF No. 51) is DENIED**.

I FURTHER ORDER that defendant Terra Bella Owners Association, Inc.'s motion for summary judgment **(ECF No. 52) is GRANTED in part**.

DATED this 27th day of March, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE